IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOT S., individually and on behalf of his minor child SCOT S., JR., <br><br>          Plaintiff, <br><br>     vs. <br><br> STATE OF HAWAII, DEPARTMENT OF EDUCATION, and KATHRYN MATAYOSHI, in her official capacity as Acting Superintendent of the Hawaii Public Schools <br><br>          Defendants. | CIVIL NO. 11-00347 RLP-NONE <br><br> ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED |

ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

On May 27, 2011, Plaintiff Scot S., individually and on behalf of his minor child Scot S., Jr. ("Plaintiff"), by and through his attorney, Keith H.S. Peck, Esq., commenced the instant action and filed an Application to Proceed in District

---

[1] Within seventeen (17) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), LR 74.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure, file written objections in the United States District Court. A party must file any objections within the seventeen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Court Without Prepaying Fees or Costs ("Application"). Plaintiff requests that the Court permit him to proceed *in forma pauperis* ("IFP").

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's Application and Complaint, the Court HEREBY ORDERS that the case be reassigned to a District Judge and FINDS AND RECOMMENDS that Plaintiff's Application be DENIED.

ANALYSIS

Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty

threshold.  The Department of Health and Human Services ("HHS") 2011 Poverty Guidelines indicate that the poverty threshold for a seven-person family in Hawaii is $38,880.00.[2]  2011 HHS Poverty Guidelines, 76 Fed. Reg. 3637-38 (Jan. 20, 2011).  Plaintiff has submitted an affidavit stating that his gross monthly income is $8,900.00 and his take-home pay is $5,800.00 per month.  Plaintiff further states that he owns a home in Kailua valued at $540,000.00, a timeshare in Kona worth $2,600.00, and three motor vehicles collectively valued at $17,250.00.  This results in an annual gross income of $106,800.00, an annual take-home pay of $69,600.00, and assets exceeding $559,850.00, which are well above the poverty threshold in Hawaii.  Therefore, the Court finds that Plaintiff has failed to show that he cannot afford to prepay the costs of initiating this action and does not qualify for IFP status under 28 U.S.C. § 1915(a)(1).

However, on May 31, 2011, this case was assigned to the undersigned Magistrate Judge for all purposes, including trial and final entry of judgment.  See dkt. no. 6.  Under Tripati v. Rison, 847 F.2d 548, 549 (9th Cir. 1988), a Magistrate Judge has "no authority to issue a dispositive order denying *in forma pauperis* status absent compliance with 28 U.S.C. 636(c)," which requires the consent of the parties to the Magistrate Judge's presiding over the action.  Here, the consent of Defendants State

---

[2]  Plaintiff has indicated that six persons are dependent upon him for support.

of Hawaii, Department of Education and Kathryn Matayoshi, in her official capacity as Acting Superintendent of the Hawaii Public Schools (collectively "Defendants"), may not be obtained, because service of process of the Complaint will not be effectuated until IFP status is granted or the appropriate filing fee is paid. Even if Plaintiff were to consent to the jurisdiction of the undersigned Magistrate Judge, the consent of Defendants is necessary to exercise the Court's power to enter an order denying IFP status. See Hajek v. Burlington N. R.R. Co., 196 F.3d 1105, 1107-08 (9th Cir. 1999) (holding that appellate jurisdiction cannot be created by plaintiff's consent where Magistrate Judge lacked authority to render final judgment on behalf of the district court). Thus, while it is the conclusion of the undersigned Magistrate Judge that Plaintiff failed to demonstrate eligibility for IFP status, the Application must ultimately be ruled upon by a District Judge. Accordingly, this case is reassigned to a District Judge with the recommendation that Plaintiff's Application be denied.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY ORDERS that the Clerk's Office reassign the instant case to a District Judge and FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees, filed May 27, 2011, be DENIED. If Plaintiff wishes to proceed with this action, he must remit the appropriate filing fee within thirty

(30) days from the date this Order and Findings and Recommendation is acted upon.  Failure to do so will result in the automatic dismissal of this action.

    IT IS SO ORDERED AND FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAII, JUNE 1, 2011



    _____
Richard L. Puglisi
United States Magistrate Judge

SCOT S. V. DOE; CIVIL NO. 11-00347 RLP-NONE; ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED